USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Maria Panuccio and Tasim Makashi,

                        Plaintiffs,

      -against-

Weichert Workforce Mobility, Inc. et. al.,

                        Defendants.
------------------------------------------------------------------X

23-cv-1366

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Maria Panuccio and Tasim Makashi, *pro se* plaintiffs, bring this action alleging that Defendants failed to disclose several mechanical and structural defects in a home that Plaintiffs purchased from Defendants. Before the Court is Defendants' motion to compel Plaintiffs to comply with certain documents requests and interrogatories. For the reasons set forth below, Defendants' motion to compel is **GRANTED**.

BACKGROUND

      On February 14, 2023, Plaintiffs filed a complaint alleging various claims of fraud and misrepresentation against Defendants concerning the sale of real property. (ECF No. 1 (Compl.)). An Order to Show Cause was filed on August 8, 2023, ordering Plaintiffs either to file proof of service of the complaint or show good cause for failing to comply with such requirement. (ECF No. 9). The Plaintiffs eventually showed service (ECF No. 19), and Defendants answered on February 27, 2024. (ECF No. 34).

1

The parties consented to this Court's jurisdiction for all purposes on April 15, 2024, (ECF No. 37), and the Court held its first conference with the parties on June 18, 2024. (ECF No. 40). During that conference, the Court discussed discovery deadlines with the parties and indicated it would enter the parties' Case Management Plan. (*Id.*). The Court also ordered the parties to file a joint status update by July 31, 2024, detailing the progress the parties had made in discovery. (*Id.*).

In that July 2024 update, the parties explained that Plaintiffs had neither provided any discovery responses nor served any demands of their own. (ECF No. 42). The Court directed the parties to file another update no later than September 27, 2024, detailing the progress the parties had made in discovery up to that point. (ECF No. 43). But again, the joint update on that date explained that Plaintiffs had still not provided outstanding discovery. (ECF No. 44). At that point, Defendants separately filed a letter motion for a discovery conference (ECF No. 45), which the Court held on October 22, 2024. (ECF No. 48).

During that conference, the Court confirmed the status of discovery with Defendants (*i.e.,* that Plaintiffs had still not provided any discovery to Defendants). Plaintiffs did not appear. (*Id.*). As such, the Court granted Defendants leave to file the instant motion before the Court.

2

## **LEGAL STANDARD**

To begin, under Rule 37 of the Federal Rules of Civil Procedure, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if "a deponent fails to answer a question" or if a party "fails to produce documents or . . . fails to permit an inspection." Fed R. Civ. P. 37(a)(3)(B). Such motions are "left to the court's sound discretion." *Liz v. A Perfect Dealer, Inc.*, No. 1:23-CV-10670 (JLR) (SDA), 2024 WL 4250364, at *2 (S.D.N.Y. Sept. 20, 2024).

In evaluating motions to compel, Courts will employ a "two-step analytical framework." *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16-cv-1805(JPO)(JCF), 2017 WL 3055098, at *2 (S.D.N.Y. July 18, 2017). First, "the moving party must demonstrate that the information sought is discoverable, including, among other things, that it is relevant." *Johnson*, 2017 WL 3055098, at *2 (citing *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Serv., Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016)). Next, "[o]nce relevance has been shown, it is up to the responding party to justify curtailing discovery." *Johnson*, 2017 WL 3055098 at, *2 (quoting *Allison v. Clos-ette Too, L.L.C.*, No. 14 CIV. 1618 LAK JCF, 2015 WL 136102, at *8 (S.D.N.Y. Jan. 9, 2015)).

Of course, the Court is mindful of Plaintiffs' *pro se* status. But "it is established law that *pro se* litigants, like those represented by attorneys, are equally obliged to comply with discovery requirements under the Federal Rules of Civil Procedure." *Brunero v. Vukasinovic,* No. 23-CV-6341 (ER), 2024 U.S. Dist. LEXIS 179369, at *5 (S.D.N.Y. Sep. 30, 2024) (collecting cases).

## DISCUSSION

Here, Defendants are seeking Plaintiffs' initial disclosures, as required by Rule 26(a)(1), and responses to their written discovery demands. Defendants argue that Plaintiffs have had ample time to comply with their initial disclosures, having missed an August and October deadline to do so. Defendants also contend that Plaintiffs have not disputed Defendants' discovery demands at any point in discovery, including during discussions between Defendants and a non-party representative for Plaintiffs.

Based on a review of the document requests Defendants attached to their submission, the Court finds that Defendants have met their initial burden to show that the requested documents are relevant. Many of Defendants' requests relate squarely to the claims of this case, including communications and documents between Plaintiffs and Defendants, inspections Plaintiffs had done of the property, and any records dealing with real estate agents for the property at issue. (ECF No. 49-1 at 25). Because the claims Plaintiff brought relate to fraud surrounding a real estate transaction, these documents concerning the parties to the transaction—and other ancillary parties with potential knowledge of the property at issue—bear directly on the issues in this case. The burden then shifts to Plaintiffs to demonstrate why such discovery should be curtailed.

But Plaintiffs have not engaged in this dispute. Defendants' instant motion is unopposed by the Plaintiffs, and the Plaintiffs did not attend the conference during which the Court granted Defendants leave to file this motion. Indeed, the Court has

gone to great lengths to afford Plaintiff the sort of special solicitude that *pro se* litigants are often afforded. But without any sort of engagement from Plaintiffs, the Court concludes that Plaintiffs have not offered any reasons as to why discovery should be curtailed.

## CONCLUSION

For the reasons above, Defendants' motion to compel is **GRANTED.** As stated above, Plaintiffs are directed to produce disclosures in accordance with Rule 26(a)(1), respond to Defendants' interrogatories and document demands, and serve their own interrogatories and requests for production by **January 3, 2025**, or else risk the sanction of dismissal for failure to abide by their discovery obligations and to prosecute their case.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 49.

**SO ORDERED.**

DATED:   White Plains, New York
         December 9, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge