UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Maria Panuccio and Tasim Makashi,

                 Plaintiffs,

-against-

Weichert Workforce Mobility, Inc., et al.,

                 Defendant.

-------------------------------------------------------------------X

23-cv-1366

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

## INTRODUCTION

On March 12, 2025, Defendants filed a letter updating this Court on the status of discovery in the case. (ECF No. 55). Specifically, Defendants detailed the myriad efforts they undertook to contact Plaintiffs—without success—to respond to discovery requests and engage in discovery. (*Id.*). Defendants also stated that they were able to contact Plaintiffs' representative on March 10 and that—among other things—Plaintiffs consented to Defendants filing a motion pursuant to Fed. R. Civ. P. 41(b) should Plaintiffs fail to meet their discovery obligations. (*Id.*). This Court endorsed that letter, directing Defendants either to file a new letter updating the Court on the status of discovery or a motion by March 24, 2025. On March 25, 2025, Defendants filed the instant motion (ECF No. 57), seeking an order dismissing Plaintiffs' complaint against them pursuant to Fed. R. Civ. P. 41(b). For the following reasons, Defendants' motion is **GRANTED**.

## BACKGROUND

On February 14, 2023, Plaintiffs filed a complaint against Defendants, alleging violations of New York's General Business Law and common law violations of fraud and negligent misrepresentation in relation to a real estate transaction between the parties. (ECF No. 1 at 34-38). On April 15, 2024, the parties consented to the undersigned for all purposes. (ECF No. 37). This Court then hosted a status conference on June 18, 2024, during which the parties discussed and agreed to various deadlines to govern the balance of discovery. (ECF No. 40) (06/18/2024 Minute Entry)). Notably, the parties made clear to the Court that Plaintiffs still had not served their initial disclosures or their responses to Defendants' discovery demands, which had been due on March 28, 2024. Given Plaintiffs' *pro se* status, the Court extended the deadline for Plaintiffs to serve their initial disclosures and discovery responses to August 1st (ECF No. 41) and directed the parties to file a joint status letter by July 31, 2024, updating the Court on the progress the parties had made in discovery and their anticipated next steps. (*Id.*).

The parties did file their joint update by July 31, 2024, (ECF No. 42), but Defendants wrote that "Plaintiffs have not yet provided responses, nor have Plaintiffs served written discovery demands of their own." (*Id.*). The Court endorsed the letter and directed the parties to submit another joint status letter on September 27, 2024, detailing the progress they had made in exchanging discovery and what remained. (ECF No. 43). On September 27, 2024, Defendants contemporaneously filed a status update and a letter asking for a conference

seeking leave to file a motion to compel in light of Plaintiffs failure to comply with their discovery obligations. (ECF No. 45). The Court endorsed the letter—directing Plaintiffs to respond by October 7, 2024 (ECF No. 46)—and scheduled a conference for October 22, 2024, to discuss Defendants' request to file a motion to compel the outstanding discovery. (ECF No. 47).

Plaintiffs did not appear for the October 22, 2024, conference, and the Court granted Defendants leave to file their motion to compel. (ECF No. 48). Defendants then filed their motion to compel on November 7, 2024 (ECF No. 49), which was unopposed and which the Court then granted, directing Plaintiffs to produce their discovery by January 3, 2025. (ECF No. 51). Importantly, the Court emphasized in its opinion that Plaintiffs' failure to comply with the order might risk "the sanction of dismissal for failure to abide by their discovery obligations and to prosecute their case." (*Id.*). Once more, the Court scheduled a conference for January 15, 2025, to receive an update on discovery in the case. (ECF No. 52). And once more, Plaintiffs did not appear at the conference, and Defendants stated they still had not received the discovery that the Court had compelled Plaintiffs to produce. (ECF No. 54). The Court directed Defendants to make additional efforts to contact Plaintiffs and file a joint letter—if possible—by March 12, 2025, updating the Court on the efforts made. (*Id.*). Of note, the Court stressed at the conference (and in a related minute entry) that should Plaintiffs persist in failing to prosecute their case, then the Court would entertain granting Defendants leave to file a motion to dismiss pursuant to Fed. R. Civ. P. 41. (*Id.*).

Finally, on March 12, 2025, Defendants filed a letter indicating that they had successfully contacted a representative that Plaintiffs were working with on this case. (ECF No. 55). In the letter, Defendants explained that they had reached an agreement with Plaintiffs that Plaintiffs would produce their discovery by March 21, 2025. (*Id.*). But should they fail to do so, then Plaintiffs consented to Defendants filing a motion to dismiss the case pursuant to Fed. R. Civ. P. 41(b). (*Id.*).

According to Defendants' instant motion, Plaintiffs "have still not provided any initial disclosures, responses to Defendants' Discovery Demands, or any discovery demands of their own." (ECF No. 57-1 at 10). Defendants' motion remains unopposed. The Court explains its reasons for granting Defendants' motion below.

## **DISCUSSION**

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." (Fed. R. Civ. P. 41(b)). Of course, a dismissal under Rule 41(b) is a "harsh remedy" and should not be used lightly. *Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at *3 (2d Cir. Oct. 31, 2024) (citing *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009)). Indeed, the Second Circuit has instructed that "a *pro se* litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)) (internal quotation marks omitted). As such, the Second

Circuit has outlined several factors a court must weigh when considering such a dismissal:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste*, 768 F.3d at 216.

Importantly, "[n]o one factor is dispositive," and a court must "review the dismissal in light of the record as a whole." *Romano*, 2024 WL 4635227, at *3 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). And as the Second Circuit has recently clarified, "[b]efore dismissing a case, a district court must also make a finding of willfulness, bad faith, or reasonably serious fault by evaluating the factors" when the dismissal is either with prejudice or functionally equivalent as one. *Romano*, 2024 WL 4635227, at *3, 4-5.

The first factor, the duration of Plaintiffs' failure to comply with court orders and to prosecute their case, weighs in favor of dismissal. As courts in this circuit have noted, there is "no absolute measure by which to determine

whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Brown v. St. Franks Ltd.*, No. 24 CIV.6348 (LGS), 2025 WL 785742, at *2 (S.D.N.Y. Mar. 12, 2025) (citing *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019)); *see also Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (dismissing a case brought by a *pro se* plaintiff under Rule 41 where the "period of inaction" lasted over four months); *Prophete v. New York City Health & Hosps.*, No. 23-CV-11117 (RA), 2025 WL 315958, at *2 (S.D.N.Y. Jan. 28, 2025) (dismissing a case without prejudice against a *pro se* plaintiff under Rule 41 where the plaintiff's non-compliance exceeded three months); *Chapman-Green v. City of New York*, No. 24-CV-1449 (RA), 2024 WL 5186533, at *2 (S.D.N.Y. Dec. 20, 2024) (dismissing a case brought by a *pro se* litigant under Rule 41 where the plaintiff had not communicated with the court in over eight months or complied with its orders in over two months).

Here, Plaintiffs' non-compliance with their discovery obligations has gone on for over a year. As Defendants note, Plaintiffs were initially required to respond to Defendants' original discovery demands by March 28, 2024, but have not done so to date. (ECF No. 57-1 at 6). On July 31, 2024, Defendants filed a letter indicating that while the deadline for Plaintiffs to serve their responses was extended to August 1, 2024, Plaintiffs still had not served their responses by the date of the letter. (ECF No. 42). On October 7, 2024, the

Plaintiffs failed to reply (as directed by the Court) to Defendants' letter asserting that Plaintiffs still failed to serve their discovery responses. (ECF No. 46). The Plaintiffs then failed to appear for a conference discussing that exact issue. (ECF No. 48). As a result, the Court granted Defendants' motion to compel discovery in this case on December 9, 2024, to which the Plaintiffs have failed to comply. (ECF No. 51). Then again, on January 15, 2025, the Court hosted a status conference to get an update on discovery in the case, but Plaintiffs did not appear. (ECF No. 54). At the conclusion of that conference, the Court directed Defendants to make further attempts to contact Plaintiffs before the Court would entertain a motion to dismiss. (*Id.*). Finally, on March 13, 2025, Defendants filed a letter seeking an extension of time for Plaintiffs to comply with their discovery obligations. (ECF No. 56). According to the letter, Defendants successfully reached someone assisting Plaintiffs with managing the case and agreed that Plaintiffs would produce their discovery by March 23, 2025, or else Defendants had their consent to file this motion. (*Id.*). Plaintiffs have not produced their discovery, and this motion followed. (ECF No. 57-1 at 6). Plaintiffs have not even opposed this motion. Thus, the first factor counsels in favor of dismissing the case.

The second factor also weighs in favor of dismissing the case, as Plaintiffs were on notice that that their failure to comply and prosecute their case could result in dismissal. The Court's order on Defendants' motion to compel specifically stated that Plaintiffs needed to produce disclosures in

accordance with their obligations or else they risk the sanction of dismissal for failure to abide by their discovery obligations and to prosecute their case. (ECF No. 51). In case that was not clear enough, following the status conference on January 15, 2025—at which Plaintiffs did not appear—the Court entered a minute entry memorializing what transpired at the conference, including a warning that the Court would entertain Defendants' motion to dismiss should Plaintiffs continue to fail to prosecute their case. (ECF No. 54). Courts in this circuit have granted dismissals under this framework for less. *Prophete,* 2025 WL 315958, at *2 (granting dismissal without prejudice against a *pro se* litigant after the court filed at least one order explicitly stating the plaintiff's case could be dismissed for failing to comply).

The third factor—whether the Defendants are likely to be prejudiced by further delay in the proceedings—also weighs in favor of dismissal, albeit only slightly. Of course, "[p]rejudice may be presumed as a matter of law in certain cases," but the crux of prejudice depends on "the degree to which the delay was lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 256 (2d Cir. 2004). Indeed, where "there is no evidence in the record that plaintiff's delay . . . caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself," then the third factor only slightly weighs in favor of dismissal. *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 210 (2d Cir. 2001). And to be sure, such prejudice must be caused by "further delay," and not prejudice that has already been suffered. *Weng v. Does 1-35*,

No. 22-CV-7082 (JPO), 2025 WL 524664, at *2 (S.D.N.Y. Feb. 18, 2025) (finding that past harms did not constitute prejudice by further delay under a Rule 41 analysis).

Defendants do not offer much in terms of how they would be prejudiced by further delay. Instead, their motion merely asserts that prejudice may be presumed where a delay is "lengthy and inexcusable." (ECF No. 57-1 at 12); *see Pepe v. Kenev* Inc., No. 23-CV-7747, 2025 WL 370964, at *2 (S.D.N.Y. Feb. 3, 2025). To be sure, the Court does agree that Plaintiffs' delay is lengthy and inexcusable. Plaintiffs' delay has extended well beyond the amount of time many courts in this circuit have permitted for *pro se* litigants, and they have not offered any excuse for it. And "further delays would continue to waste the time and resources of adversary parties." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013). As Defendants have already undertaken appearing in the case at each conference, writing their second motion in the matter now, and otherwise faithfully responding to the case, the Court is sensitive to the financial and time-related costs this imposes on Defendants. The Court thus finds that the third factor favors dismissal.

The fourth factor requires balancing the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard. This factor militates against dismissal, as Plaintiffs' absence in this case has been "silent and unobtrusive rather than vexatious and burdensome." *LeSane*, 239 F.3d at 210. To be certain, "[t]here must be compelling evidence of an

extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Weng,* 2025 WL 524664, at \*2 (citing *Lucas v. Miles*, 84 F.3d 532, 536-37 (2d Cir. 1996)). No such compelling evidence exists here. Although Defendants rightly point out that Plaintiffs have failed to appear for conferences, this is only a minor inconvenience on the Court where it would otherwise host these sorts of conferences in the ordinary course. Conversely, the Court has not decided any substantive motions, held hearings, or scheduled a trial—matters much more taxing on the Court's calendar. As such, the Court finds that this factor weighs against dismissing the case.

Lastly, the final factor favors dismissing the case as it seems reasonably unlikely that a lesser sanction would secure Plaintiffs' engagement here. Of course, "[f]ailure to consider a lesser sanction than dismissal is generally an abuse of discretion." *Romano,* 2024 WL 4635227, at \*5 (citing *Shepherd v. Annucci*, 921 F.3d 89, 98 (2d Cir. 2019)). And where a dismissal without prejudice is ordinarily such a lesser sanction, when it would be the functional equivalent of a dismissal with prejudice, it serves as just as severe a sanction. *Id.* In that instance, a court must additionally find that the negligent party's conduct constituted "willfulness, bad faith, or reasonably serious fault." *Id.* (citing *Baptiste*, 768 F.3d at 217).

As evidenced by the record here, the Court has both contemplated and engaged in such less severe measures aimed at securing Plaintiffs' compliance

and attention to the case. These have included granting multiple lengthy extensions, admonishing Plaintiffs in public filings to warn them of the risk of not engaging with the case, granting Defendants' motion to compel discovery, and directing Defendants to make multiple efforts to engage Plaintiffs through follow-up letters and phone calls before entertaining the present motion to dismiss. Yet at each stage, Plaintiffs have neglected to prosecute their case or abide by any deadline. Even more, other lesser sanctions that might be available to the Court such as "monetary sanctions on counsel and the assessment of costs and counsel fees generated by the delinquency," "suspension from practice" or "mandated disclosure by counsel" of sanctionable conduct, are not accessible to the Court as the litigants here are *pro se*. *Compare Mitchell,* 708 F.3d at 469 (identifying possible lesser sanctions available based on counsel's failure to follow court orders).

Nevertheless, the Court concludes that the less drastic sanction of dismissal without prejudice is more appropriate in this case. Still, the Court appreciates that statute of limitations concerns might make such a sanction effectively a dismissal with prejudice. To the extent this is true, the Court is guided by *Baptiste,* which ruled that "the court must still make a finding of willfulness, bad faith, or reasonably serious fault by evaluating" the factors outlined above in this opinion. *Baptiste,* 768 F.3d at 217 (internal quotation marks omitted). As explained above, Plaintiffs have engaged and then absented themselves from the prosecution of their own case. This Court

apprised them of the potential consequences of doing so on multiple occasions. And according to one of Defendants' filings, Plaintiffs agreed to let Defendants file a motion to dismiss if Plaintiffs were to continue in failing to meet their discovery obligations. (ECF No. 55). According to Defendants' motion, Plaintiffs have failed to produce their discovery. (ECF No. 56). Defendants' motion is unopposed. As such, the Court finds that an evaluation of the factors above—as well as Plaintiffs' consent to Defendants' filing this motion, coupled with their lack of opposition—constitutes the sort of "willful" conduct sufficient to sustain the dismissal here.

## CONCLUSION

For the reasons above, this action is dismissed without prejudice under Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close out the gavel associated with ECF No. 57, as well as the case itself.

**SO ORDERED.**

DATED:   White Plains, New York
         April 22, 2025

_____
VICTORIA REZNIK
United States Magistrate Judge